UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF FLORIDA

MIAMI DIVISION

LYNFORD GUTHRIE and
JENNIFER GUTHRIE, his wife

     Plaintiffs,

vs.

AMERICAN AIRLINES, INC.

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, LYNFORD GUTHRIE and JENNIFER GUTHRIE, his wife, by and through undersigned counsel, sue the Defendant, AMERICAN AIRLINES, INC., (AA) and allege as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1.    This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

2.    This Court has subject matter jurisdiction pursuant to 28 USC 1332(a)(2). The matter in controversy exceeds $75,000.00. The Plaintiffs are citizens and residents of the country of Jamaica. The Defendant is a corporation whose principal place of business is Ft. Worth, Texas, where it is citizen and resident. It does business in the State of Florida. Its registered agent is CT Corporation System in Plantation, Fl.

3.    Mr. Guthrie was a passenger on American Airlines flight 331 from Miami, Florida to Kingston, Jamaica. The jet, carrying approximately 154 passengers and crew, on a late-night flight from Miami, slid across a runway in Kingston, Jamaica where it crash-landed on Tuesday, December 22, 2009. Mr. Guthrie sustained serious and permanent injuries in the incident described more fully below.

4.    The Defendant, American Airlines, owned, operated, possessed, maintained, and/or controlled the subject Boeing 737-800, flight 331. The Defendant exercises control over the activities of all of its aircraft, including the subject aircraft which departed Miami, Florida for

Jamaica. American Airline's principal place of business, residency, and citizenship is in Ft. Worth, Texas. However, Defendant, American Airlines has subjected itself to jurisdiction in this Court by operating, conducting, engaging in, and carrying on a business venture in Miami, Miami-Dade County, Florida, where it has a major facility or "hub" at Miami International Airport. This satisfies the jurisdictional requirements of Florida Statute 48.193, the Florida Long Arm Statute and confers in personam jurisdiction over the Defendant.

5.      Defendant, American Airlines, has engaged in substantial and not isolated activity within the State of Florida, including but not limited to the maintenance and operation of its hub at the Miami International Airport in Miami-Dade County, Florida. In addition, the Defendant owns, operates, maintains, possesses, and controls its aircraft through the State of Florida.

6.      The Defendant, American Airlines, has, by engaging in and carrying on a business venture in Florida, and maintaining major flight operations from its hub at Miami International Airport in Miami-Dade County, Florida, and also by having a registered agent in Plantation, Florida, purposefully has subjected itself to jurisdiction and subject to service of process in any action or proceeding against it arising out of any transaction or operation connected with or incidental to its business of operating its airline.

7.      Venue is proper in the Southern District, Miami Division, pursuant to 28 UCS 1391(a)(1), a judicial district where the Defendant resides; and also 28 USA 1391(a)(3), a judicial district in which the Defendant is subject to personal jurisdiction at the time the action is begun.

8.      Any and all conditions preceedent to the maintenance of this action have been complied with.

## FACTS GIVING RISE TO CAUSE OF ACTION

9.      Mr. Guthrie departed Miami International Airport on the subject American Airlines flight on December 22, 2009.

10.     The plane was traveling to Kingston, Jamaica. The late-night flight was traveling through heavy rain and bad weather. The lighting at the airport was poor. The approach to the airport was very fast. The plane touched down suddenly. The landing was hard.

11.     Panicked passengers screamed; baggage burst from overhead bins; and flight 331 from Miami careened down the runway in Kingston. The impact cracked the fuselage, crushed the left landing gear, and separated both engines.

12.     Crews evacuated dazed and bloodied passengers onto a beach from a cabin that smelled of smoke and jet fuel. Rain poured through the plane's broken roof. At least forty people were taken to area hospitals with various injuries.

13.     Heavy turbulence on the way to Jamaica had, prior to the crash, forced the crew to halt the beverage service three times before giving up. The pilot warned of more turbulence just before landing, but said it was not expected to get worse. Passengers reported that all of a sudden, when the plane hit the ground, it bounced. It then skidded.

14.     The engines reversed throttle did not slow the plane down as it slid off the runway. The plane came to a halt about ten to fifteen feet from the Caribbean Sea.

15.     As a direct and proximate result of the negligence of Defendant, American Airlines, Mr. and Mrs. Guthrie suffered serious and permanent injuries. The Plaintiffs make the below listed claims for damages.

<u>COUNT I</u>

<u>NEGLIGENCE</u>

16.     The Plaintiff adopts and realleges paragraphs 1 through 15 and further alleges:

17.     The Defendant, American Airlines, as an airline owner and operator, had and undertook the duty of reasonable care under the circumstances, to provide reasonably safe transit for its passengers. This included the duty to warn of any unreasonably dangerous conditions; the duty to initiate reasonable policies and procedures with respect to the operation of its aircraft in heavy weather in dangerous landing conditions; and the duty to ensure that its pilots and other personnel were well-informed and instructed with respect to operating the subject jet under such hazardous landing and weather conditions.

18.     The hazardous conditions were known to American Airlines, and its pilots. The conditions existed for a sufficient length of time to alert American Airlines to take appropriate measures to avoid the incident which injured the Plaintiff.

19.     The Defendant American Airlines breached its duty, by and through its employees, agents, and servants in one or more of the following ways:

a.  Negligently operating the subject jet by allowing it to land in such bad weather;

b.  Negligently failing to take appropriate precautions when landing in heavy rain;

c.  Negligently failing to avoid a sudden hard landing resulting in the plane bouncing on the runway, bursting open, and skidding off the end of the runway;

d.  Failing to have the altimeter set at the appropriate height given the length of the runway;

e.  Deploying the reverse engine thrust too late;

f.  Landing too far down the runway;

g.  Negligently failed to approach the landing strip at an appropriate speed and appropriate altitude, taking into consideration the bad weather conditions and poor lighting;

h.  Negligently failed to timely reverse throttle to avoid a hard landing when there should have been a landing slow enough to avoid sliding off the runway;

i.  Negligently failing to give appropriate and timely instructions to passengers to brace for the hard landing.

20.  As a direct and proximate result of the negligence of the Defendant, by and through its employees, agents, and servants, Mr. Guthrie sustained serious and permanent injuries and the damages set forth more particularly below.

## DAMAGES CLAIMED BY LYNFORD GUTHRIE

21.  Plaintiff, Lynford Guthrie, as a direct and proximate result of the negligence of the Defendant as set forth above, has in the past and will in the future continue to suffer the following damages:

a.  Bodily injury;

b.  Pain and suffering;

c.  Disability;

d.  Disfigurement;

e.  Loss of the capacity for the enjoyment of life;

f.  Aggravation of pre-existing conditions;

g.  Medical and hospital care and expenses;

h.  Loss of earnings;

i.  Loss of earning capacity in the future;

j.  Rehabilitation expenses;

k.  Mental distress.

Wherefore, Plaintiffs demand judgment against the Defendant, American Airlines, Inc. for compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT V
## CLAIM FOR LOSS OF CONSORTIUM

Paragraphs 1 through 21 above are adopted and realleged as if fully set forth herein.

22.  At all times material hereto Plaintiff, JENNIFER GUTHRIE has been lawfully married to Plaintiff, LYNFORD GUTHRIE and they reside together as husband and wife in Jamaica.

23.  At all times material hereto Plaintiff JENNIFER GUTHRIE was entitled to the services, society, companionship and consortium of Plaintiff, LYNFORD GUTHRIE.

24.  As a further and direct proximate result of the Defendants negligence, Plaintiff JENNIFER GUTHRIE has been and will continue to be deprived of the services, society, companionship and consortium of Plaintiff, LYNFORD GUTHRIE.

WHEREFORE, Plaintiff JENNIFER GUTHRIE hereby demands judgment for compensatory damages and prejudgment interest against Defendant, AMERICAN AIRLINES, INC., (AA) a Florida Corporation for cost of this action and such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

25.     The Plaintiff demands trial by jury on all issues triable as of right by a jury.

Dated: April, _____21_____, 2010.

Respectfully Submitted,

**HAMILTON MILLER & BIRTHISEL, LLP**
Attorneys for Plaintiffs
150 S.E. Second Avenue
Suite 1200
Miami, Florida 33131
Tel: (305) 379-3686
Fax: (305) 379-3690

By _____
     DAVID R. HEFFERNAN, ESQ.
     Florida Bar No.: 0893005